# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

IN RE: AMERICAN MEDICAL SYSTEMS, INC.
     PELVIC REPAIR SYSTEM
     PRODUCTS LIABILITY LITIGATION           MDL No. 2325

---

THIS DOCUMENT RELATES TO:

*Whatley v. American Medical Systems, Inc.*      Civil Action No. 2:13-cv-15664

### ORDER

Before the court are two motions: (1) the Motion to Dismiss With Prejudice (hereinafter, the "First Motion to Dismiss"), filed by defendant American Medical Systems, Inc. ("AMS") on March 6, 2017 [ECF No. 19]; and (2) the Motion to Dismiss With Prejudice (hereinafter, the "Second Motion to Dismiss"), filed by AMS on July 11, 2018 [ECF No. 25]. Plaintiff Nipie E. Whatley did not file a Response to either motion, and the time to do so has expired. Therefore, these matters are ripe for adjudication.

In addition, on June 13, 2018, the court conducted a Mandatory Settlement Conference as to the plaintiff's claims against AMS. When the plaintiff did not appear in person at the settlement conference as required, by Order entered on June 12, 2018 (the "Show Cause Order"), the court directed the plaintiff to show cause on or before July 6, 2018, why her case should not be dismissed with prejudice pursuant to Rule 16(f) of the Federal Rules of Civil Procedure [ECF No. 23]. The plaintiff, in a Letter-

Form Response dated June 18, 2018, submitted to the chambers of the undersigned judge a response to the court's Show Cause Order [ECF No. 24], which was submitted to the Clerk of court and entered on the docket on July 2, 2018.

Among the issues raised in these filings is the plaintiff's sometimes dilatory conduct, particularly her failure to abide by several of this court's directive. The court must now decide whether sanctions are appropriate and, if so, whether the court has no recourse but to dismiss this case with prejudice. For the reasons stated below, the court finds that alternative sanctions lesser than dismissal of this civil action are appropriate at this time. To avoid the dismissal of this case, the plaintiff must abide by the terms expressed below.

## I.    Background

The complications present in this case now began long ago. On January 9, 2014, after a hearing on counsels' motion to withdraw,[1] the court granted plaintiff counsels' request to withdraw as attorney of record due to irreconcilable differences. [ECF No. 15]. Left representing herself, the court advised the plaintiff of her obligations to comply with the various discovery orders entered in this litigation, one of several thousand products liability actions consolidated by the Multidistrict Litigation Panel in the AMS MDL, 2325 MDL, before this court.

Approximately thirty-three months later, without any progress in this case, the court entered Pretrial Order ("PTO") # 223, which required the plaintiff in this case to submit a completed Plaintiff Fact Sheet ("PFS") with verifications and

---

[1] As stated in the same order, the plaintiff opposed the motion and objected to providing certain information.

authorizations by November 21, 2016. Having failed to do so timely, or cure following a notice of delinquency, AMS filed the First Motion to Dismiss With Prejudice on March 6, 2017.

The case remained static until, on March 19, 2018, I entered an order directing the plaintiff to meet and confer with settlement counsel for AMS on or before May 14, 2018, and to engage in good faith discussions about the possibility of settlement. *See* PTO # 251. Should this case remain unresolved after May 18, 2018, I apprised the parties in the same PTO, the court would compel their presence in Charleston, West Virginia, at the Robert C. Byrd United States Courthouse for a Mandatory Settlement Conference, which would be confirmed by a later court order. In addition, I warned any failure to comply with PTO # 251 may result in a substantial sanction, including the dismissal of this case with prejudice.

Pursuant to PTO # 251, on May 22, 2018, I directed the parties and their counsel of record to appear in person at the Robert C. Byrd United States Courthouse for a Mandatory Settlement Conference scheduled between June 6-8, 2018. *See* PTO # 253. Again, I warned that any failure to comply with this directive may result in a substantial sanction, including the dismissal of this case with prejudice.

Despite these warnings, the plaintiff failed to appear in person at the Mandatory Settlement Conference as directed. Thereafter, the court directed the plaintiff to show cause justifying her failure to comply with PTO # 251 and PTO # 253. In the same Show Cause Order, I warned for the third time that failure to show cause would result in the dismissal of this case pursuant to Rule 16(f) of the Federal

Rules of Civil Procedure with prejudice. The plaintiff did respond, explaining that she seeks to hold AMS accountable for her alleged harm while appealing that the court withhold an order entering dismissal. AMS, in turn, filed its Second Motion to Dismiss, arguing that dismissal is appropriate because the plaintiff's response to this court's show cause order does not adequately justify her absence from the Mandatory Settlement Conference.

## II.    Legal Standard

Rule 16(a)(5) of the Federal Rules of Civil Procedure permits the court to issue orders regarding pretrial conferences for the purpose of facilitating settlement. Fed. R. Civ. P. 16(a)(5). Rule 16(f) provides a court may issue any just order, including those authorized by Rule 37(b)(2)(A)(ii)–(vii) if a party fails to appear at a pretrial conference or fails to obey a scheduling or other pretrial order. *Id.* 16(a)(5), (f). Rule 37(b)(2), in turn, sets forth a list of sanctions available when a party fails to comply with a court order, including "dismissing the action or proceeding in whole or in part." *Id.* 37(b)(2)(A)(v). Before levying dismissal or default as a sanction under Rule 37, a court generally must first consider four factors:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagon of America, Inc.*, 561 F.2d 494, 503–04 (4th Cir. 1977), *cert. denied*, 434 U.S. 102 (1978)).

4

In applying these factors to this case, I must be cognizant of the realities of multidistrict litigation and the unique problems an MDL judge faces. Specifically, when handling six MDLs, case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality"). I must define rules for discovery and settlement conferences and strictly adhere to those rules, with the purpose of ensuring that pretrial litigation flows as smoothly and efficiently as possible. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, counsel must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with these procedures thereafter. *In re Phenylpropanolamine*, 460 F.3d at 1231–32. Pretrial orders—and the parties' compliance with those orders and their deadlines—"are the engine that drives disposition on the merits." *Id.* at 1232. A "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce

deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.").

## III. Discussion

Together, there are two sanctionable offenses the court must analyze. First, the plaintiff failed to submit a PFS as directed in PTO # 223 and did not respond to AMS's inquiries about the delay.[2] Second, PTO # 251 and # 253 required the plaintiff to attend the Mandatory Settlement Conference, a conference the plaintiff did not attend. In light of this evidence and bearing in mind the unique context of multidistrict litigation, I conclude that sanctions under Rule 37 are justified. Because each PTO explicitly warned that "[a]ny plaintiff who fails to comply with this PTO may be subject to a substantial sanction, including dismissal with prejudice,"[3] and because each transgression entails the same culpability – i.e., the plaintiff's dilatory conduct – the court will consider the appropriate sanctions by applying the *Wilson* factors to these facts collectively.

The first factor—bad faith—is difficult to ascertain given that the plaintiff was not present in court and did not respond to either motion to dismiss filed by AMS. While I am cognizant of the difficulties that are presented by the plaintiff not being represented by counsel, those difficulties do not excuse the plaintiff from her obligation to pursue her case actively. A *pro se* litigant is not immune from sanctions for failure to comply with court orders. "*Pro se* litigants are entitled to some deference

---

[2] Although not raised by AMS, the docket also reflects that the plaintiff disregarded PTO # 238, which required the plaintiff to file with the Clerk of the court a completed copy of her Plaintiff Fact Sheet ("PFS").

[3] PTO # 223 at 3; PTO # 251 at 1–2; PTO # 253 at 1–2

from courts. But they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (internal citations omitted). Without question, the plaintiff has an obligation to actively pursue her case. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962) ("[A] civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit.").

For a time, the record in this case seemingly reflected a dereliction of this obligation by the plaintiff. Only more recently, after failing to respond to AMS's first Motion to Dismiss or appear at the Mandatory Settlement Conference, has the plaintiff briefly denoted a desire to continue this litigation. According to her Short-Form Letter, filed in response to this court's Show Cause Order, the plaintiff appears to have complied with this court's directive to engage in settlement negotiations with AMS. Specifically, the plaintiff reports rejecting a series of settlement offers she believes were insulting, and that she wishes to hold AMS accountable for her alleged harm. Absent from the Short-Form Letter, however, is any explanation justifying her absence at the Mandatory Settlement Conference. Disgruntled as the plaintiff may have been by the progress of her negotiations, the plaintiff's indifference to the deadlines and procedures imposed by the court is nothing short of bad faith and cannot be overlooked. Having failed to show any good cause justifying her absence from the Mandatory Settlement Conference, coupled with her failure to respond to

either motion to dismiss filed by AMS, I must weigh the first factor against the plaintiff.

The second factor—prejudice caused by noncompliance—also leans toward an order for sanctions. The plaintiff had over one-months' notice of the mandatory settlement conference, yet failed to communicate any inability to attend the Mandatory Settlement Conference. AMS, having no indication that the plaintiff would fail to attend, likely spent that time preparing for settlement negotiations. AMS has also expended substantial resources on lawyers, travel and time spent preparing its motions to dismiss; expenses incurred as a direct result of the plaintiff's noncompliance with this court's orders. Furthermore, because AMS has had to divert its attention away from responsive plaintiffs, the delay has impacted the progress of the remaining cases in this MDL unfairly.

The adverse effect on the management of the MDL as a whole segues to the third factor: the need to deter this sort of noncompliance. When parties fail to comply with deadlines provided in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases. In short, I have had to direct my time and resources to noncompliant plaintiffs at the expense of compliant plaintiffs in this MDL. This cumbersome pattern goes against the purpose of MDL procedure, and I must deter any behavior that would allow it to continue. *See* H.R. Rep. No. 90-1130, at 1 (1967), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1901 (stating that the purpose of establishing MDLs is to "assure the uniform and expeditious treatment" of the included cases).

Last, *Wilson*'s fourth factor directs the court to consider the effectiveness of lesser sanctions. In recognition of this duty, the court gave the plaintiff one final chance to justify her failure to comply with the directives of this court. While the plaintiff responded, she did not assert any grounds upon which the court could find good cause. Nonetheless, the plaintiff's Letter-Form Response demonstrates a willingness by the plaintiff to prosecute her claims and forms the basis of a finding that a lesser sanction would be effective.[4] Considering the administrative and economic realities of multidistrict litigation, I conclude that affording the plaintiff a final chance to comply with discovery, subject to dismissal with prejudice if she fails to do so, is a "just order" under Rule 37 and in line with the Federal Rules of Civil Procedure as a whole. *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

Specifically, the plaintiff must submit to AMS a completed Plaintiff Fact Sheet[5] ("PFS") in accordance with the court's Pretrial Order # 223 by **August 24, 2018**. If the plaintiff does not submit to AMS a completed PFS, upon motion by AMS, ***the court will dismiss this case with prejudice***. Furthermore, the plaintiff must also file with the Clerk of the court a completed copy of her Plaintiff Fact Sheet ("PFS") in accordance with the court's Pretrial Order # 238, excluding verifications and

---

[4] Alternative lesser sanctions, such as the ones proposed in Rule 37(b)(2)(i–iv), are simply impracticable and ineffective in the context of an MDL containing over 14,000 cases

[5] The Plaintiff Fact Sheet, verifications and authorizations are also located on the AMS MDL 2325 section of the court's website, www.wvsd.uscourts.gov.

authorizations, before **August 31, 2018**. If the plaintiff does not file with the Clerk of court a completed PFS, either upon motion or on its own initiative, *the court will dismiss this case with prejudice*.

Because the circumstances of this case lead me to impose the sanction provided in Rule 37(b)(2), I am required by the rules of this court to order the disobeying party to pay "the reasonable expenses, including attorney's fees, caused by the [discovery] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Here, as described above, the plaintiff's failure to comply is not substantially justified. As such, I find that $500 is a minimally representative valuation of AMS's expenses. The court finds this amount just under the circumstances and consistent with Rule 37(b)(2)(C)'s assurance that the disobeying party, rather than the innocent party, bears the costs. This number also accounts for the time and money AMS spent identifying the plaintiff as one of the non-compliant plaintiffs; assessing the effect of her discovery violations; drafting two motions to dismiss; and serving the motions. All knowledgeable MDL counsel would consider these efforts, which would have been avoided had the plaintiff followed the court's orders, to be worth $500, at the least. If the plaintiff does not provide adequate or timely payment, upon motion by AMS, *I will dismiss this case absent evidence of exceptional circumstances*.

## IV. Conclusion

For the reasons stated above, the court **ORDERS** that:

1. AMS's first Motion to Dismiss [ECF No. 19] is **DENIED** without prejudice;

2. AMS's second Motion to Dismiss [ECF No. 25] is **DENIED** without prejudice;

3. The plaintiff has until **August 24, 2018** to submit to AMS a completed Plaintiff Fact Sheet ("PFS") in accordance with the court's Pretrial Order # 223. Again, if the plaintiff does not submit to AMS a completed PFS, upon motion by AMS, ***the court will dismiss this case with prejudice***;

4. The plaintiff has until **August 31, 2018** to file with the Clerk of the court a completed copy of her Plaintiff Fact Sheet ("PFS") in accordance with the court's Pretrial Order # 238, excluding verifications and authorizations. If the plaintiff does not file with the Clerk of court a completed PFS, either upon motion or on its own initiative, ***the court will dismiss this case with prejudice***; and

5. The plaintiff has until **August 31, 2018** to pay AMS **$500** as minimal partial compensation for the reasonable expenses caused by the plaintiff's failure to comply with this court's orders. Again, If the plaintiff does not provide adequate or timely payment, upon motion by AMS, ***I will dismiss this case absent evidence of exceptional circumstances***.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to plaintiff Nipie E. Whatley at 1923 Continental Avenue, Las Vegas, Nevada 89156.

ENTER: August 1, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE